IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY RODEMEIER,

                                                                                              OPINION and ORDER

                        Plaintiff,

                                                                                                  16-cv-359-wmc

     v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

                        Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mary Rodemeier seeks judicial review of a December 2013 administrative decision denying her claim under the Social Security Act for disability insurance benefits. This is the second time that she has sought review of that decision in this court. In the first case, Rodemeier v. Colvin, 15-cv-376-bbc (W.D. Wis.), the commissioner moved to dismiss the case because plaintiff missed her 60-day deadline under 42 U.S.C. § 405(g) for filing a federal lawsuit after the Appeals Council denied review of her claim. While the commissioner's motion was pending, however, plaintiff asked the Appeals Council to grant a retroactive extension of time to file a civil action. As a result, the court dismissed plaintiff's case without prejudice to her refiling after the Council ruled on the motion. The Appeals Council subsequently denied her request for extension and plaintiff refiled this case.

---

[1] I have amended the caption pursuant to Fed. R. Civ. P. 25 to reflect the new acting commissioner.

Predictably enough, the commissioner moves again to dismiss the case on the ground that it is untimely. For the reasons explained below, that motion will be granted.

OPINION

Because the deadline for filing suit under § 405(g) constitutes a statute of limitations, Bowen v. City of New York, 476 U.S. 467, 478 (1986), the commissioner's opposition amounts to the assertion an affirmative defense. Fed. R. Civ. P. 8(c). Generally an affirmative defense cannot be raised in a motion to dismiss, but an exception exists if it is clear from the face of the complaint and any facts subject to judicial notice that the defense clearly applies. O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015); Henson v. CSC Credit Services., 29 F.3d 280, 284 (7th Cir. 1994).

Here, the plaintiff clearly missed her deadline, as confirmed by the filings in this case as well as those in case no. 15-cv-376-bbc, a fact she does not dispute. Instead, plaintiff makes two arguments: (1) the commissioner's motion is itself untimely; and (2) the Appeals Council erred in refusing to grant her an extension of time.

With respect to the first argument, plaintiff is correct that the commissioner missed her deadline for filing a responsive pleading by one day. This argument is, however, a nonstarter because a party may file a motion for failure to state a claim at any time before trial. Arbaugh v. Y&H Corp., 546 U.S. 500, 507 (2006) ("Under Rule 12(h)(2), th[e] objection [for failure to state a claim] endures up to . . . trial on the merits."). Further, plaintiff does not identify any *unfair* prejudice that she suffered from this one-day delay.

2

Global Technologies & Trading, Inc. v. Tech Mahindra Ltd., 789 F.3d 730, 732-33 (7th Cir. 2015) (district court may permit untimely affirmative defense when plaintiff is not unfairly prejudiced). Understandably, plaintiff suggests that it is unfair to enforce her deadline under § 405(g) for filing a lawsuit when defendant missed her own deadline under Fed. R. Civ. P. 12(b) for filing a responsive pleading. However, the obvious difference between the two deadlines is that a defendant does not have to prove prejudice in order to prevail on a statute of limitations defense. While prejudice may be relevant to the question whether a plaintiff is entitled to equitable tolling, Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 757 (2016), plaintiff makes no such argument here.

With respect to her second argument, plaintiff says nothing in her complaint about the Appeals Council's decision denying her motion for an extension of time. However, this argument fails for other reasons. As an initial matter, the parties debate whether the Appeals Council's decision to deny plaintiff more time can be appealed under § 405(g) as a "final decision." Plaintiff cites Boley v. Colvin, 761 F.3d 803, 804 (7th Cir. 2014), a Social Security case in which the court allowed review of an administrative decision denying a motion for an extension of time to request a hearing. In contrast, the commissioner cites 20 C.F.R. 404.903(j), which states that a denial of a request for an extension of time to file an appeal is "not subject to judicial review."

Even if the court assumes that plaintiff can appeal the agency's decision, however, her appeal still fails. Under Boley, 761 F.3d at 808, and 20 C.F.R. § 404.911, a party is not entitled to an extension of time without good cause. A federal court reviews a decision

3

denying an extension of time for "substantial evidence," Boley, 761 F.3d at 808, which is "evidence as a reasonable mind might accept as adequate to support a conclusion." Shideler v. Astrue, 688 F.3d 306, 310 (7th Cir. 2012). This is a "deferential" standard that does not allow this court to reweigh the evidence or substitute its own judgment for that of the agency. Id.

Although the review of an administrative decision generally occurs in the context of a motion for summary judgment, plaintiff has provided all the relevant documents with her opposition brief (including the decision of the Appeals Council, dkt. #8-4) and the relevant facts are undisputed. Accordingly, it is not necessary to convert the commissioner's motion to dismiss into a summary judgment motion. Loeb Industries, Inc. v. Sumitomo Corp., 306 F.3d 469, 480 (7th Cir. 2002) (failing to convert motion not reversible error when "there are no potential disputed material issues of fact"); Edgenet, Inc. v. Home Depot U.S.A., Inc., 658 F.3d 662, 665 (7th Cir. 2011) (concluding that "[n]o harm was done" by failing to convert motion because "[t]he facts are essentially uncontested and present a question of law"). There is in particular no unfair prejudice to plaintiff in deciding the issue now because it was *plaintiff* who invited the court in her opposition brief to review the Appeals Council's decision.

As for the merits, plaintiff stated in her motion to the Appeals Council that she missed the deadline because her counsel's "staff inadvertently considered the [wrong] date . . . in determining the appeal period." Dkt. #8-2. As importantly, plaintiff did *not* allege that the agency had given her incorrect information or otherwise misled her in any way. On

4

the contrary, the Appeals Council denied the request for more time because the "correct date . . . is clearly displayed" on the Appeals Council's decision.  Dkt. #8-4.

In arguing that the Appeals Council erred, plaintiff relies on two examples of "good cause" listed in § 404.911(b):

> (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
>
> * * *
>
> (9) Unusual or unavoidable circumstances exists . . . which show that you could have not known of the need to file timely, or which prevented you from filing timely.

These examples clearly do not apply to this case, which involves nothing more than ordinary attorney error.  In particular, counsel's failure to file a timely appeal was unrelated to an attempt to gather information to support the claim and nothing but his staff's negligence prevented him from complying with the deadline.

Plaintiff points out correctly that the examples listed in the regulation are not exhaustive. 20 C.F.R. § 404.911(b) ("Examples of circumstances where good cause may exist include, but are not limited to, the following situations . . ."). While this much is true, 20 C.F.R. § 404.911(a) provides several general considerations governing the analysis:

> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which

prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

Plaintiff does not argue that any of these factors support a finding of good cause in this case either. In particular, there is no suggestion that the agency misled counsel, that the law was ambiguous, or that there were any limitations that prevented plaintiff from filing a timely appeal.

Finally, plaintiff cites the agency's Policy Operations Manual Systems for the proposition that an example of "good cause" is that the "claimant thought his/her representative had filed the appeal." The current version of the policy plaintiff cites, however, does not appear to include this quoted language. POMS GN 03101.020, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0203101020. Even if it did *and* even if plaintiff believed that her counsel had filed a timely appeal (plaintiff does not allege that she did), she cites no authority to support the view that the manual has any legal effect, let alone that it could be the basis for overturning an agency decision.

On the contrary, it is generally well established that attorney negligence does not qualify as good cause. Floyd v. United States, 900 F.2d 1045, 1047 (7th Cir. 1990) ("[S]imple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination."). More specifically, "[a] simple case of miscalculating a deadline is not a sufficient reason to extend time, and judges do not have 'carte blanche' authority to allow untimely appeals," especially in a case like this one involving counsel who has many years of experience litigating Social Security cases. McCarty v. Astrue, 528 F.3d 541, 544 (7th

Cir. 2008) (reversing district court's determination to extend deadline for appealing).[2]

Even if the agency's regulations and policies are arguably written broadly enough that the Appeals Council *could* have granted plaintiff's belated request for an extension of time, this would not require reversal of the Council's decision. The Council gave a reasonable explanation for its decision, which was all it was required to do. Shideler, 688 F.3d at 310.

In sum, it is clear from the undisputed facts in the record that this lawsuit is untimely and the court sees no basis to disturb the decision of the Appeals Council denying plaintiff's request for an extension of time. Accordingly, the court will grant the commissioner's motion to dismiss.

ORDER

IT IS ORDERED that the motion of defendant Nancy Berryhill to dismiss this case as untimely, dkt. #4, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 31st day of March, 2017.

BY THE COURT:
/s/
William M. Conley
District Judge

---

[2] Even in the context of "excusable neglect," which is a more lenient standard than "good cause," Commodity Futures Trading Commission v. Lake Shore Asset Management Ltd., 646 F.3d 401, 404 (7th Cir. 2011), "a lawyer's errors are imputed to the client." Moje v. Fed. Hockey League, LLC, 792 F.3d 756, 758 (7th Cir. 2015).